UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JAMES FULLER,

    Petitioner,

CASE NO. 15-10411

v.

HONORABLE JOHN CORBETT O'MEARA

BONITA HOFFNER,

    Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSAL OF THE HABEAS PETITION (ECF No. 9),
DISMISSING THE HABEAS PETITION WITH PREJUDICE,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

    Petitioner Michael James Fuller has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's Wayne County, Michigan convictions for first-degree, premeditated murder, Mich. Comp. Laws § 750.316(1)(a), and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. Respondent Bonita Hoffner urges the Court in a motion for summary judgment to dismiss the habeas petition because Petitioner failed to comply with the statute of limitations. The Court agrees that the petition is time-barred. Accordingly, Respondent's motion will be granted and the habeas petition will be dismissed with prejudice.

## I.  Background

Petitioner was tried in Wayne County Circuit Court on charges that he murdered a man in Detroit after an altercation at a party.  The state court summarized the evidence at trial as follows:

> The victim was a friend or associate of people who lived on the downstairs floor of a two-residence house in Detroit.  Defendant was a friend of the person who lived upstairs and known to the people downstairs.  On the night of the shooting, a party was in progress upstairs and a somewhat more sedate "get-together" occurred downstairs.  Two of the women at the downstairs event got into a physical altercation, resulting in enough noise to bring many of the upstairs people downstairs.  According to witnesses, defendant was one of those people.  One of the women accused the victim—who had actually helped break up the fight—of hitting her.  The person who lived upstairs demanded that the victim hit him instead.  A witness mollified that person, but then defendant abruptly swung a punch at the victim.
>
> A poorly-described struggle ensued, and the downstairs owner demanded that everyone leave, although he specifically asked the victim to remain. Nevertheless, the victim also exited the house.  One witness went to the door and another to the front window, where they both saw that when the victim got to the street, defendant approached out of the crowd and pushed someone else aside.  Defendant put a gun to the victim's head, said something unintelligible, and shot the victim once.  Defendant then walked away.  Defendant presented two witnesses who testified that he was elsewhere at the time.

*People v. Fuller*, No. 295930, 2011 WL 898571, at *1 (Mich. Ct. App. Mar. 15, 2011) (unpublished).

On December 2, 2009, the jury found Petitioner guilty, as charged, of first-degree murder and felony firearm.  On December 17, 2009, the trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of life imprisonment without the possibility of parole for the murder conviction.

Petitioner appealed his convictions on grounds that (1) there was insufficient evidence to convict him of premeditated murder, and his conviction was against the great weight of the evidence and (2) the trial court erred in admitting two photographs of the gunshot injury. The Michigan Court of Appeals found no merit in Petitioner's claims and affirmed his convictions in an unpublished decision. *See Fuller*, No. 295930, 2011 WL 898571. On September 6, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Fuller*, 490 Mich. 860; 802 N.W.2d 54 (2011) (table).

On August 3, 2012, Petitioner filed a motion for relief from judgment in which he argued that his trial and appellate attorneys were ineffective and that the prosecutor committed misconduct during closing arguments. The state trial court denied Petitioner's motion in a reasoned opinion, and the Michigan Court of Appeals denied leave to appeal for the reasons given in the trial court's opinion. *See People v. Fuller*, No. 315468 (Mich. Ct. App. Nov. 4, 2013). On July 29, 2014, the Michigan Supreme Court denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Fuller*, 496 Mich. 863; 849 N.W.2d 364 (2013) (table).

Finally, on January 23, 2015, Petitioner signed and dated his habeas corpus petition, and on January 29, 2015, the Clerk of the Court filed the petition. The grounds for relief are: (1) there was insufficient evidence to convict Petitioner of first-degree, premeditated murder, and the verdict was against the great weight of the evidence; (2) the trial court deprived Petitioner of due process and a fair trial by admitting two exhibits

depicting the gunshot wound; (3) trial counsel deprived Petitioner of his right to present a complete defense by failing to retain an expert witness to challenge the two eyewitnesses' identification of Petitioner; (4) appellate counsel was ineffective for failing to investigate Petitioner's case and raise the issues that Petitioner presented in his post-conviction motion; and (5) the prosecutor committed misconduct during her closing argument.

Respondent argues in her motion for summary judgment and dismissal of the petition that the habeas petition is untimely. Petitioner has not replied to Respondent's motion.

## II.  Discussion

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies here because Petitioner filed his habeas petition after AEDPA became effective in 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). AEDPA established a one-year period of limitation for state prisoners to file a federal petition for writ of habeas corpus. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitations runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. 28 U.S.C. § 2244(d)(2).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not shown that the State created an impediment to filing a timely habeas petition. *Cf.* 28 U.S.C. § 2244(d)(1)(B-D). Consequently, the statute of limitations began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

"Direct review" concludes for purposes of subsection 2244(d)(1)(A) when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). "Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.' " *Id.* at 119-20 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"— when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012)(quoting *Barefoot*, 463 U.S. at 887). A petition for writ of certiorari to review a judgment entered by a state court of last resort must be filed within ninety days after entry of the judgment. Sup. Ct. R. 13.1.

**B. Application**

Petitioner did not apply for a writ of certiorari in the United States Supreme Court. Consequently, his conviction became final on December 5, 2011, ninety days after the Michigan Supreme Court denied leave to appeal on direct review. The statute of limitations began to run on the following day, and it ran 241 days until August 3, 2012, when Petitioner filed his motion for relief from judgment. The statute was tolled for the entire time that Petitioner's post-conviction motion was pending in state court, that is, until July 29, 2014, when the Michigan Supreme Court denied leave to appeal the trial court's decision on Petitioner's motion. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

The Supreme Court, however, "is not a part of a 'State's post-conviction procedures.' " *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). "The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari." *Id*. This means that the limitations period resumed running in Petitioner's case on July 30, 2014, the day after the Michigan Supreme Court denied leave to appeal on state collateral review. The

limitations period stopped running 177 days later on January 23, 2015, when Petitioner signed and dated his habeas petition.[1]

The limitations period ran a total of 418 days: 241 days after Petitioner's conviction became final and before he filed his post-conviction motion; and 177 days between the conclusion of state collateral proceedings and the filing of the habeas petition. Because the limitations period ran more than one year, the habeas petition is time-barred, absent equitable tolling of the limitations period or a credible showing of actual innocence.

## C. Equitable Tolling

"The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). A petitioner is entitled to equitable tolling of

---

[1] "Under the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).

> Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint. *See, e.g., Goins v. Saunders*, 206 Fed. Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam) ("[W]e treat the petition as filed on the date [the prisoner] signed it."); *Bomar v. Bass*, 76 Fed. Appx. 62, 63 (6th Cir. 2003) (order); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (order).

*Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The Court therefore deems the habeas petition filed on January 23, 2015, when Petitioner placed the petition in the prison mailing system. *See* Pet. for Writ of Habeas Corpus, page 14.

the habeas statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has not argued in favor of equitably tolling, nor even acknowledged that the limitations period expired before he filed his habeas petition, and there is no reason to believe that some extraordinary circumstance prevented him from filing a timely habeas petition. The Court therefore declines to equitably toll the limitations period.

**D. Actual Innocence**

Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Nevertheless,

> tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup* [*v. Delo*, 513 U.S. 298, 329 (1995)]; see *House* [*v. Bell*, 547 U.S. 518, 538 (2006)] (emphasizing that the *Schlup* standard is "demanding" and seldom met).

*Id*.

Although Petitioner argues that the evidence at trial was insufficient to sustain his murder conviction, the Michigan Court of Appeals disagreed, noting that "[t]wo eyewitnesses, both of whom were familiar with defendant, identified defendant as the person who put a gun to the victim's head and shot the victim." *Fuller,* No. 295930,

2011 WL 898571, at *2. The Court of Appeals went on to say that, even though Petitioner correctly identified some discrepancies in the eyewitnesses' versions of the incident, none of those discrepancies seriously undermined the witnesses' credibility. The Court of Appeals concluded that Petitioner's convictions were supported by the evidence, as there was sufficient evidence that he was the shooter and that he premeditated and deliberated the murder.

The state appellate court's decision was objectively reasonable, and Petitioner has not presented this Court with any new evidence of actual innocence. Therefore, AEDPA's time limitations apply here.

### III. Conclusion

The limitations period in this case ran more than one year before Petitioner filed his habeas corpus petition, and application of the doctrine of equitable tolling is not appropriate under the circumstances present here. Petitioner also has not made a credible showing of actual innocence. Accordingly, Respondent's motion for summary judgment and dismissal of the habeas petition (ECF No. 9) is granted, and the habeas petition (ECF No. 1) is dismissed as untimely.

### IV. Regarding a Certificate of Appealability and the Appellate Filing Fee

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When, as here,

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's habeas petition is clearly time-barred.  Consequently, reasonable jurists would not find the Court's procedural ruling debatable.  Reasonable jurists also would not find it debatable whether the petition states a valid claim of the denial of a constitutional right.  The Court therefore declines to issue a certificate of appealability.  The Court denies leave to appeal *in forma pauperis* because an appeal could not be taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3)(A).


Date: October 29, 2015                                       s/John Corbett O'Meara
                                                             United States District Judge



I hereby certify that on October 29, 2015, a copy of this opinion and order was served upon the parties of record using the ECF system, and/or by first-class U.S. mail.

                                                             s/William Barkholz
                                                             Case Manager